

FILED
CLERK, U.S. DISTRICT COURT
DEC 19 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAE SHIK KIM,

Defendant.

Case No. 14-2496M

ORDER OF DETENTION

## I.

The Court conducted a detention hearing:

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving Choose an item.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government **is not** entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure

the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☐ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S.P retrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☐ Lack of bail resources

☐ Refusal to interview with Pretrial Services

☒ No stable residence or employment within the Central District of California as well as the charging district.

☐ Previous failure to appear or violations of probation, parole, or release

☒ Ties to foreign countries. Defendant is a citizen and resident of Seoul, Korea

☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

☐

As to danger to the community:

- ☐ Nature of previous criminal convictions
- ☒ Allegations in present charging document
- ☐ Substance abuse
- ☐ Already in custody on state or federal offense
- ☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☐

## V.

☐ The Court finds a serious risk that the defendant will

- ☐ obstruct or attempt to obstruct justice.
- ☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

The Court bases its conclusions on the following:

Defendant is a citizen and resident of Seoul, Korea, whose ties to the Central District are limited to the fact that his sister is a long time resident in the district. Defendant does not appear to have any ties to the charging district, the District of Columbia. Defendant is charged in the out of district indictment with conspiracy to export defense articles without a license. According to the indictment, defendant conspired with others in Korea and in China to procure aircraft parts manufactured in the United States for use by someone in Iran in violation of the Arms Export Control Act and U.S. laws prohibiting the shipment of these defense articles, directly or indirectly to Iran.

The Government moves for detention based on flight and danger, arguing, as to the latter, that defendant is capable of engaging in the criminal conduct he is charged with, using nothing more than an iPhone. However, the Court believes that concerns regarding danger based on defendant's continued criminal activity while on release can be mitigated with appropriate conditions of release. As to flight, the Court believes that defendant, who has considerable financial resources,

has the ability, and also an incentive (given the charges and the penalty faced upon conviction), to leave the jurisdiction and thus poses a flight risk. Defendant has offered his sister as a surety and has indicated that she is willing to post the approximately $300,000 in equity in her home, as security for bail. Defendant is also willing to submit to home detention with electronic monitoring at his sister's house pending future court appearances. However, the Court is concerned about the fact that defendant used his sister's home address as the location from which he purportedly issued the purchase orders for the defense articles that he allegedly exported in violation of U.S. law and whether, given defendant's financial resources, $300,000 is a sufficient amount to post for bail. Based on these concerns and the Court's review of the factors set forth in 18 U.S.C. § 3142(g), the Court will DENY defendant's request for bail without prejudice.

## VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

In addition, the Court will grant Defendant's application for a STAY of his transfer to the District of Columbia, the charging district, for a period of two weeks, until January 2, 2015, in order to afford Defendant an opportunity to move

for reconsideration of the Court's Order of Detention and/or appeal the Court's Order of Detention.

Dated: December 19, 2014

_____
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE